# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **B.T. and J.V.**

**No. 21-0564** (Mercer County 19-JA-037 and 20-JA-140)

## MEMORANDUM DECISION

Petitioner Mother R.N., by counsel Bobby J. Erickson, appeals the Circuit Court of Mercer County's June 17, 2021, order terminating her parental, custodial, and guardianship rights to B.T. and J.V.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and M. Claire Winterholler, filed a response in support of the circuit court's order. The guardian ad litem, Monica Oglesby Holliday, filed a response on behalf of the children in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the DHHR "failed to disclose and make either the [c]ourt or [c]ounsel aware of the known illness and/or disability of [p]etitioner" and took little to no action to address her illness and/or disability.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Because of the extremely narrow assignments of error raised on appeal, it is unnecessary to undertake a detailed recitation of the facts underlying the proceedings below. It is sufficient instead to set forth the following: After filing multiple abuse and neglect petitions against petitioner in 2019, 2020, and 2021, petitioner was adjudicated of having neglected both children. In regard to B.T., petitioner stipulated to her adjudication by admitting to the DHHR's allegations that she "neglected the child . . . to the level of abandonment by failing to provide for his physical, social, or emotional needs." In regard to J.V., the court adjudicated petitioner after a contested hearing during which the DHHR presented evidence of petitioner's neglect. Specifically, the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

record shows that when petitioner and J.V. arrived at a shelter, petitioner refused to provide staff with any information other than her name and the child's name and age. While at the shelter, petitioner was "constantly screaming" at the child and called him "stupid, ignorant, and a moron." The staff intervened over concerns that petitioner would become violent as she "hovered over top of [the child] in a threatening way." Because petitioner would not allow the child to speak to anyone, shelter staff believed that she made the child cover up the circumstances that led to them arriving at the shelter. The staff also indicated that J.V. was afraid of petitioner and showed no signs of distress when removed from her care. Petitioner did not appear for the adjudicatory hearing regarding J.V., although she was represented by counsel at that hearing.

During the proceedings, the court granted petitioner both post-adjudicatory and post-dispositional improvement periods. Petitioner was required to complete individualized parenting and adult life skills services, maintain stable and appropriate housing, demonstrate appropriate parenting ability and decision making, and participate in random drug screens and visitation with the children. After a brief period of compliance, the DHHR ultimately filed a motion to terminate petitioner's rights on May 4, 2021. According to the motion, petitioner had not successfully completed any of the requirements of her improvement period and her whereabouts were unknown for approximately four to six months.

On May 21, 2021, the court held a dispositional hearing. Petitioner was again not present for this hearing, although she was represented by counsel. Based on the evidence, the court found that petitioner had not visited with the children since December of 2020, failed to fully cooperate with drug screening, tested positive several times when she did screen, and did not participate in the family case plan designed to reunify her with the children. As such, the court found that termination of petitioner's rights was necessary to protect the children and that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future. Accordingly, the court terminated petitioner's parental, custodial, and guardianship rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided

---

[2]Child B.T. has been reunified with the father, and the permanency plan is for the child to remain in the father's custody. J.V.'s father voluntarily relinquished his parental, custodial, and guardianship rights below. The permanency plan for J.V. is guardianship in a fictive kinship placement.

the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner raises two assignments of error, both predicated on her assertion that the DHHR was aware of the fact that she suffered from lupus and failed to inform either the circuit court or her counsel of this illness. We note, preliminarily, that petitioner fails to include a single citation to the appendix record on appeal in order to support this assertion. This is in violation of the West Virginia Rules of Appellate Procedure, which requires that "[t]he brief must contain an argument exhibiting clearly the points of fact . . . relied on . . . [and] must contain appropriate and specific citations to the record on appeal . . . . *The Court may disregard errors that are not adequately supported by specific references to the record on appeal.*" W. Va. R. App. P. 10(c)(7) (emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs . . . [that] do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. In that order, the Court went on to instruct that "all of the requirements of the Rules must be strictly observed by litigants" because "[t]he Rules are not mere procedural niceties; they set forth a structured method to permit litigants and this Court to carefully review each case." In ordering that all litigants before this Court must comply with the Rule of Appellate Procedure, the Court cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate.'"

Here, petitioner's brief is woefully inadequate. Petitioner's assignments of error are predicated on the DHHR's alleged knowledge that she suffers from lupus, yet she fails to cite to a single piece of evidence from the appendix record to support this assertion. Petitioner also bases her assignments of error on her assertion that her lupus diagnosis resulted in her extended hospitalization and failure to communicate with counsel. Yet again, petitioner fails to cite to any portion of the appendix record that would support this assertion. This Court simply refuses to accept as fact those assertions that lack support in the record. Because petitioner cites to no evidence in support of her assignments of error, she cannot be entitled to relief.

Having established that there is no evidentiary basis for petitioner's specific arguments, we find no error in the court's termination of her parental, custodial, and guardianship rights. As the record shows, petitioner was absent from the proceedings for approximately four to six months prior to the dispositional hearing and failed to successfully complete any aspect of her case plan. Accordingly, we find no error in the court's determination that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the children's best interests required termination of her rights. According to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate parental, custodial, and guardianship rights upon these findings. As we have explained,

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 17, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton